# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNNE D PANTING, Personal Representative of the Estate of Ronald B. Panting, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | 8:19CV317<br><br>FOURTH AMENDED<br>CASE PROGRESSION ORDER |

This matter comes before the Court on the Plaintiff's Motion to Extend Deadlines (Filing No. 60). After review of the plaintiff's motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion to Extend Deadlines (Filing No. 60) is granted, and the third amended case progression order is amended as follows:

1) The deadlines to identify expert witnesses and to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff:  **July 28, 2021**
   For the defendant:  **September 30, 2021**

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **December 1, 2021**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **December 15, 2021**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The status conference scheduled for October 15, 2021, is cancelled. A planning conference to discuss case progression, the pretrial conference and trial dates, and settlement will be held with the undersigned magistrate judge on **December 17, 2021**, at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

4) The deposition deadline is **March 1, 2022**.

> The maximum number of depositions that may be taken by the plaintiff as a group and the defendants as a group is **20**.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 1, 2022**.

6) The deadline for filing motions to dismiss and motions for summary judgment is **March 1, 2022**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 14th day of May, 2021.

BY THE COURT:

s./Michael D. Nelson
United States Magistrate Judge