IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LYNNE D PANTING**, Personal Representative of the Estate of Ronald B. Panting, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA**,<br><br>Defendant. | **8:19CV317**<br><br>**SIXTH AMENDED CASE PROGRESSION ORDER** |

This matter is before the Court following a telephone conference held with counsel for the parties on October 26, 2021. In accordance with the matters discussed during the telephone conference and for good cause shown,

**IT IS ORDERED** that the Plaintiff's Motion to Extend Deadlines (Filing No. 71) is granted, and the fifth amended case progression order is amended as follows:

1) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure remains **March 1, 2022**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **March 15, 2022**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

2) The deadlines to identify expert witnesses and to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are extended as follows:

   | | |
   |---|---|
   | For the plaintiff: | **March 1, 2022** |
   | For the defendant: | **May 2, 2022** |

3) A planning conference to discuss case progression, the pretrial conference and trial dates, and settlement remains scheduled with the undersigned magistrate judge on **March 18, 2022**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deposition deadline remains **June 1, 2022**. The maximum number of depositions that may be taken by the plaintiff as a group and the defendants as a group is **20**.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

5)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds remains **June 1, 2022**.

6)  The deadline for filing motions to dismiss and motions for summary judgment remains **June 1, 2022**.

7)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 26th day of October, 2021.

BY THE COURT:

s./Michael D. Nelson
United States Magistrate Judge