IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNNE D. PANTING, PERSONAL REPRESENTATIVE of the ESTATE of RONALD B. PANTING,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 8:19-CV-317<br><br>ORDER |

    The parties have responded to the Court's order to show cause (filing 137) asking them to address whether two pending motions—the plaintiff's motion to exclude or limit opinions of William Baumheuter (filing 112) and the government's motion to strike the plaintiff's allegedly untimely expert reports (filing 129)—are moot. *See* filing 138; filing 139. The plaintiff concedes that her motion is moot, and the Court will deny it as such. The parties disagree about the government's motion.

    The Court, however, finds that the government's motion is also moot, for two reasons. First, it's still not entirely clear to the Court what the newly disclosed evidence that's resulted in reopening of discovery *means* to the case. The government suggests that the newly discovered maintenance records are "materially similar" to other records already produced. Filing 139 at 2. The Court can't help but note that while the previously disclosed records indicated that the stall warning had occasionally been "intermittent" or sounding a few knots low and had on one occasion in 1995 been inoperative, *see* filing 139-1 at 2-6, the new records suggest that the switch had been inoperative in 1999 *after* a replacement earlier that year, *see* filing 139-1 at 1, 4. Perhaps that's important, perhaps not, but it's hard for the Court to say at this point. And the

Court knows little about the other newly disclosed evidence beyond the government's description of "new information from Nancy McAtee, the NTSB technician who performed post-crash testing on the stall switch," who "provided more detailed information about the testing process." Filing 139 at 2. Again, it's hard for the Court to say what that will mean.

But second, and more directly, the government's motion to strike was just that—a motion to strike, not a motion in limine or motion for discovery sanctions. The relief the government sought was literally to strike certain filings that the plaintiff had filed in opposition to the government's motion for summary judgment—a motion that's since been denied. Filing 130 at 11; filing 136. It's hard to imagine anything more literally moot than striking exhibits from an index of evidence that was adduced in opposition to a motion that's already been disposed of. Striking those exhibits from that index at this point wouldn't mean anything. Accordingly,

IT IS ORDERED:'

1. The plaintiff's motion to exclude (filing 112) is denied without prejudice as moot.

2. The government's motion to strike (filing 129) is denied without prejudice as moot.

Dated this 8th day of February, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge