IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNNE D. PANTING, Personal Representative of the Estate of Ronald B. Panting, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 8:19-CV-317<br><br>ORDER |

      This matter comes before the Court on the parties' motions to exclude. The defendant seeks to exclude the third set of supplemental expert reports of Jason Lukasik, dated November 5, 2023 (filing 161-5), and Greg Feith, dated November 6, 2023 (filing 161-6). Filing 159. For her part, the plaintiff seeks to exclude the second supplemental expert report of William R. Baumheuter II, dated September 28, 2023 (filing 161-7). Filing 168. The Court heard argument on these issues in open court on March 1, 2024.

      Pursuant to Fed. R. Civ. P. 37, if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The Court "may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id*. But the Court has "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Exclusion is a "harsh penalty" which "should be used sparingly." *Id*.

The Court has considered whether the untimely disclosures were substantially justified or harmless, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Id.* Based on these factors, the Court sees no reason to exclude either party's evidence.

First, both parties' supplemental disclosures are substantially justified. Both disclosures resulted from additional discovery allowed regarding the condition of the stall warning switch. *See* filing 134. While the plaintiff asserts that some of Baumheuter's additional opinions did not relate to the new discovery, *see* filing 169 at 5, had the plaintiff deposed or otherwise investigated Baumheuter's opinions regarding the new discovery, any prejudice would have been cured. The defendant's argument fails for similar reasons. *See* filing 160 at 3.

And, even if the late disclosures were not substantially justified, they are harmless. The alleged harm suffered by both parties could have been cured in the time since these motions were filed. Ultimately, both parties have had an opportunity to either depose or have their experts respond to the untimely disclosed evidence. *See Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790 (8th Cir. 2018).

That both parties had the opportunity to cure any prejudice and chose not to weighs heavily against exclusion. *See id.* ("[E]ven when [the plaintiff] had an opportunity to mitigate the alleged difficulties created by [the defendant's] late disclosure—by moving for a continuance or attempting to depose [the witness]—he did nothing, which casts doubt on his position that the timely disclosure would have made a difference."); *Wegener*, 527 F.3d at 692. The evidence is clearly important, for both sides, which also weighs

against exclusion. And, because this is a bench trial, allowing the evidence is unlikely to effect the order or efficiency of the trial.

In sum, each of the *Wegener* factors weighs against excluding either parties' evidence. Alleged deficiencies in the evidence can be thoroughly tested on cross-examination. Accordingly,

IT IS ORDERED:

1. The defendant's motion to exclude (filing 159) is denied.

2. The plaintiff's motion to exclude (filing 168) is denied.

Dated this 1st day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge